**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **GOOTEE CONSTRUCTION, INC.** | * | **CIVIL ACTION NO. 2:15-CV-3185** |
| **Plaintiff** | * | |
| | * | **SECTION __, DIVISION __** |
| **VERSUS** | * | |
| | * | **JUDGE _____** |
| **TRAVELERS PROPERTY CASUALTY** | * | |
| **COMPANY OF AMERICA** | * | **MAGISTRATE _____** |
| **Defendant** | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

<u>**ORIGINAL COMPLAINT**</u>
<u>**FOR DECLARATORY JUDGMENT AND DAMAGES**</u>

Gootee Construction, Inc., plaintiff, pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, submits its Original Complaint for Declaratory Judgment and Damages, and avers as follows.

**I.    <u>PARTIES</u>**

1.

Plaintiff, Gootee Construction, Inc. ("Gootee"), is a corporation organized under the laws of the State of Louisiana, and is domiciled in the State of Louisiana.

2.

Defendant, Travelers Property Casualty Company of America ("Travelers"), is a corporation organized under the laws of the State of Connecticut, and is domiciled in the State of Connecticut.  Service of process upon Travelers may be made through the Louisiana Secretary of State.

1

II.     **JURISDICTION AND VENUE**

3.

This court has jurisdiction over the lawsuit under 28 U.S.C. §1332(a)(1) because the Plaintiff and the Defendants are citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs.

4.

Venue is proper in this district court because the events out of which this dispute arises occurred within this district.

III.    **FACTUAL BACKGROUND**

5.

Travelers issued the following commercial general liability policies to Gootee:

(a)     DT-CO-1075P263-TIL-09 (11/01/09 to 11/01/10) (Exhibit No. 1);

(b)     DT-CO-1075P263-TIL-10 (11/01/10 to 11/01/11) (Exhibit No. 2);

(c)     DT-CO-1075P263-TIL-11 (11/01/11 to 11/01/12) (Exhibit No. 3);

(d)     DT-CO-1075P263-TIA-12 (11/01/12 to 11/01/13) (Exhibit No. 4);

(e)     DT-CO-1075P263-TIA-13 (11/01/13 to 11/01/14) (Exhibit No. 5);

(f)     DT-CO-1075P263-TIA-14 (11/01/14 to 11/01/15) (Exhibit No. 6);

6.

Under the Policies, Travelers is obligated to defend Gootee against actions for damages filed against Gootee by third parties.

7.

Each of Travelers' policies contains the following insuring agreement language (or language which is substantially similar):

2

> We will pay those sums that the Insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. ***We will have the right and duty to defend any "suit" seeking those damages***. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

Exhibit No. 1, Commercial General Liability Coverage Form CG 00 01 10 01, Part 1.

Insuring Agreement (emphasis added).

8.

On February 27, 2015, Satterfield & Pontikes Construction, Inc. ("S&P") filed a third-party demand for damages ("Third Party Demand") against Gootee in Civil Action No. 2011-6621, entitled "Gootee Construction, Inc. v. St. Mary's Academy of the Holy Family," which action is pending in the Civil District Court for the Parish of Orleans, State of Louisiana (consolidated with actions Nos. 2012-2353, 2012-4000, 2012-4018, 2012-4204, and 2012-7669). A copy of S&P's Third Party Demand is attached as Exhibit No. 7.

9.

S&P's Third Party demand alleges that Gootee is obligated to defend and indemnify S&P against the principal demands for damages filed by St. Mary's Academy against S&P, arising out of the construction of the St. Mary's Academy during the years 2009 through 2011.

10.

S&P's Third Party Demand contains the following pertinent allegations:

"6.

St. Mary's has filed suit against S&P for damages and has alleged that some part of each of the Subcontractors' work or

3

materials is defective, incomplete, and/or not in accordance with the Project Plans and Specifications, and that, as a result, St. Mary's has incurred damages or will incur damages. Further, St. Mary's has alleged it is entitled to damages as a result of the late compensation (sic) of or delay on the Project.

\* \* \*

9.

To the extent of any proven Subcontractor defective work or delay on the Project, the respective Subcontractor negligently performed its work on the Project or, in the alternative, has breached its respective Subcontract.

10.

Additionally, each of the Subcontracts required the respective Subcontractor, to indemnify, defend, save, and hold harmless S&P, among others, from and against all liability, damages, losses, claims, demands, and actions whatsoever arising out of or in connection with the respective Subcontractors' work. Further, each of the Subcontracts required the respective Subcontractor to bear any expenses, whether incurred or paid, as a result of a claim subject to the indemnity, including all reasonable attorney's fees and court costs in the defense of any such claim."

Exhibit No. 7, Third-Party Demand filed by S&P on February 27, 2015, ¶¶ 6, 9 and 10.

11.

The principal demands for damages ("Principal Demands"), upon which S&P's Third Party Demand is based, were filed by St. Mary's Academy ("SMA") against S&P, in the consolidated actions referenced in Paragraph 7 above.  A copy of each of SMA's principal demands is attached hereto as Exhibits Nos. 8, 9, 10 and 11.

12.

SMA's Principal Demands allege that SMA sustained, and continues to sustain, unspecified damages as a result of S&P's breach of contract and failure to perform its work in a workmanlike manner.

4

13.

Each of SMA's Principal Demands contain the following pertinent allegations (or allegations substantially similar in content):

"16.

St. Mary's is entitled to recover any and all damages caused by S&P's breaches of the Contract.

\*   \*   \*

20.

S&P is liable to St. Mary's for damages caused by S&P's failure to perform its work in a good and workmanlike manner.

\*   \*   \*

22.

St. Mary's is entitled to recover any and all damages caused by S&P's breach of the implied duty of workmanlike performance."

Exhibit No. 8, Exceptions, Affirmative Defenses, Answer and Third Party Demand filed by SMA on October 24, 2011, at p. 12.

14.

On March 10, 2015, Gootee was served with S&P's Third Party Demand.

15.

On March 10, 2015, Gootee submitted a copy of S&P's Third Party Demand to Gootee's insurance agent.  A copy of Gootee's notice to its insurance agent is attached as Exhibit No. 12.

16.

On March 11, 2015, Gootee's insurance agent submitted a copy of S&P's Third Party Demand to Travelers.  A copy of the notice to Travelers is attached as Exhibit No. 13.

17.

On May 4, 2015, 54 days after Travelers had originally received a copy of S&P's Third Party Demand, Travelers requested that Gootee provide Travelers with copies of the principal demands on which S&P's Third Party Demand was based.  A copy of Travelers' request is attached as Exhibit No. 14.

18.

On May 5, 2015, counsel for Gootee provided Travelers with copies of the principal demands which Travelers had requested, along with a letter explaining Travelers duty to defend.  A copy of Gootee's counsel's letter to Travelers is attached hereto as Exhibit No. 15 (without attachments).

19.

To the date of the filing of this Complaint, Travelers has refused to render a decision as to whether to accept or reject Gootee's tender of its defense to the Third Party Demand of S&P.

IV.   **COUNT 1 - DECLARATORY JUDGMENT**

20.

Gootee requests that the Court issue a declaration that, under one or more of the policies identified above, Travelers is obligated to provide Gootee with a defense against S&P's Third Party Demand and is obligated to pay all legal fees and costs associated with Gootee's defense.

21.

Gootee further requests that the Court declare that Travelers is obligated to pay all legal fees associated with Gootee's prosecution of its affirmative claims against S&P,

which are inextricably intertwined (as a set-off) with Gootee's defense of S&P's claims in the Third Party Demand.

22.

Gootee further requests that the Court declare that, due to Travelers inordinate delays in rendering a decision on Gootee's tender of its defense, Travelers has waived its right deny or reject coverage for any damages for which Gootee may be found liable to S&P under the third party demand.

23.

Intervention by this Court, in the form of declaratory relief, is necessary because, for nearly five months, Travelers has refused to either accept or reject Gootee's tender of its defense of S&P's Third Party Demand.

**V.    <u>COUNT 2 - DAMAGES FOR BREACH OF CONTRACT</u>**

24.

Under one or more of the policies identified in Paragraph 5 above, Travelers was contractually obligated to provide a defense to Gootee against the Third Party Demand of S&P and to pay the legal fees and litigation expenses associated with Gootee's defense.

25.

Travelers breached its contractual obligations to Gootee by refusing to provide Gootee with a defense against the Third Party Demand of S&P.

26.

Since the date S&P filed its Third Party Demand against Gootee, Gootee has incurred, and will continue to incur damages, in the form of additional attorneys' fees and

other litigation costs and expenses in defense of S&P's Third Party Demand, which expenses should have been paid by Travelers.

## VI.   COUNT 3 - STATUTORY PENALTIES

27.

Travelers has both a contractual and statutory obligation to investigate and render a timely decision on Gootee's tender of its defense.

28.

Travelers was provided all information required for Travelers to render a decision as to whether or not Travelers was obligated to provide a defense to Gootee against the Third Party Demand of S&P.

29.

For a period of nearly five months, Travelers has refused to render a decision as to whether or not to provide a defense to Gootee against the Third Party Demand of S&P.

30.

Travelers refusal to render a decision for nearly five months, after having all information needed to determine Travelers' obligation to provide a defense to Gootee, is an arbitrary and capricious action, which subjects Travelers to the penalties imposed by La. R.S. 22:1892 and 22:1973.

## VII.   PRAYER FOR RELIEF

Wherefore, Gootee Construction, Inc. prays for a judgment in its favor, and against Travelers, in the following respects:

(1)     Declaring that Travelers is obligated to defend Gootee against the Third Party Demand filed by S&P in action No. 2011-6621, "Gootee Construction, Inc. v. St. Mary's

Academy of the Holy Family," pending in Civil District Court for the Parish of Orleans, State of Louisiana;

(2)     Declaring that Travelers is obligated to pay for all legal fees and litigation costs incurred by Gootee in defending the Third Party Demand of S&P and in prosecuting Gootee's inextricably intertwined affirmative claims;

(3)     Declaring that, due to Travelers inordinate delays in rendering a decision on Gootee's tender of its defense, Travelers has waived its right deny or reject coverage for any damages for which Gootee may be found liable to S&P under the third party demand

(4)     Awarding Gootee all monetary damages to which Gootee is entitled under the circumstances;

(5)     Awarding Gootee statutory penalties and attorneys fees under La. R.S. 22:1892 and 22:1973;

(6)     For all other relief, whether monetary, general or equitable, to which Gootee is entitled under the circumstances.

Respectfully submitted,

GARDNER & KEWLEY
A Professional Law Corporation

   /s/  W. Lee Kohler
THOMAS F. GARDNER (#1373)
DOUGLAS A. KEWLEY (#7355)
W. LEE KOHLER (#17658)
110 Veterans Boulevard, Suite 300
Metairie, Louisiana  70005
Telephone:   (504) 832-7222
Facsimile:    (504) 832-7223
**Attorneys for:**
**Gootee Construction, Inc.**

**PLEASE SERVE:**

Travelers Property Casualty Company of America
through
The Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA  70809